UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SALOMON MENDOZA,

      Plaintiff,

                               07-3144

S. RING et al,

      Defendants.

## Order

The plaintiff alleges that in December 2006[1], while incarcerated in Western Illinois Correctional Center, he suffered an excruciating pain in his left eye, with accompanying blurriness and partial blindness. Defendant Ring, a nurse, allegedly refused any assistance, without examining the plaintiff. Defendant Sheppard, a correctional officer, allegedly refused to call the health care unit. Defendant Goins, a grievance officer, allegedly continued to deny the plaintiff treatment for his eye by handling his grievance in a biased manner. Defendant Zimmerman, the Warden, allegedly knew the plaintiff was being denied treatment but did nothing. The plaintiff further alleges that, as a result of the defendants' failure to act, he lost sight in his left eye. It appears from the attachments to his complaint that he was scheduled for surgery for a detached retina, but whether the surgery occurred is not in the record.

The plaintiff has moved for the appointment of counsel, asserting that he does not speak English (d/e 29). The plaintiff's test scores confirm his difficulty in communicating in English (d/e 31), as have the status hearings held by this court in which the plaintiff appeared *pro se*. The court has tried, unsuccessfully, to obtain pro bono counsel for the plaintiff. *See 7/14/08 letter from attorney Doug Quivey, to be docketed with this order.*

Before the court expends more effort attempting to find pro bono counsel, or addresses the thorny issue of whether the court must continue to do so under the standard in *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), the issue of exhaustion of administrative remedies should first be resolved. *Pavey v. Conley*, 528 F.3d 494, 497-98 (7th Cir. 2008). Defendants have a motion for summary judgment pending on the grounds of failure to exhaust (d/e 26). The plaintiff has not responded, but that is understandable in light of his limited English abilities. His failure to respond is not deemed an admission.

Defendants' motion must be denied in its present form because it does not demonstrate

---

[1] Two different dates are mentioned in the complaint, December 10 and December 6.

1

the absence of a disputed issue of fact regarding exhaustion. Defendants assert that the plaintiff failed to file a "completed, timely, grievance to . . . [the ARB] regarding allegations that LPN Susette Ring failed to provide Mendoza with proper medical attention on December 6, 2006 . . . ." (Benton Aff. ¶ 7). However, the plaintiff attached to his complaint what appears to be the response portion of a grievance filed by the plaintiff about the incident and his eye problem. The part filled out by the plaintiff is not in the record. The response portion is dated January 30, 2007 and denies the plaintiff's grievance. Another document attached to the Complaint reflects that the ARB received the plaintiff's appeal on March 1, 2007. That document shows that the appeal was considered untimely by the ARB, but it does not make clear why, since March 1 was within the 30 day time limit for appealing. Further, the record does not show what avenues the plaintiff had to challenge the calculation of the time limit or to be excused from it. Additionally, the record does not show whether the plaintiff had access to someone to help him through the grievance procedure in light of his limited English abilities. In short, the defendants have not met their burden of demonstrating that the plaintiff failed to exhaust his administrative remedies.

However, the defendants will be given another opportunity to file a motion for summary judgment based on the lack of exhaustion, addressing the issues above and attaching all the plaintiff's grievances regarding his left eye and the responses he received. The court wants a more complete record in order to make findings of fact regarding exhaustion. *See Pavey*, 528 F.3d at 498. An interpreter will be employed to enable the plaintiff to participate fully in this inquiry. A hearing will be held if necessary.

IT IS THEREFORE ORDERED:

1) The stay on this case is lifted.

2) The defendants' motion for summary judgment is denied (d/e 26). The defendants are directed to file a supplemental motion for summary judgment in accordance with this order by August 29, 2008. The plaintiff's response to that motion is due October 31, 2008. The plaintiff must explain in his response all the steps he took to file a grievance and appeal it to the ARB, and should attach all relevant grievances, appeals and responses.

3) An interpreter is required in order to provide the plaintiff a meaningful opportunity to pursue his claims. The court directs that an interpreter be provided for purposes of translating this order, and subsequent court orders, into Spanish. The interpreter is also directed to translate into Spanish the defendants' filings that are filed after the entry of this order. This includes the defendants' supplemental motion for summary judgment and memorandum in support when it is filed, with the exception of the exhibits. The interpreter is also directed to translate filings by the plaintiff from Spanish to English. The original and translated versions will be docketed. Costs for the interpreter shall be paid by the clerk of court from the fund established for that purpose. The clerk of court shall forward the documents needed for translation to the interpreter.

4) The plaintiff may file his response to the supplemental summary judgment motion in Spanish. The plaintiff may also file any other motions or papers in Spanish. The plaintiff is

advised that he should title his filings as a motion if he seeks action from the court. Letters to the court will not show as pending on the court's pending list. At this point, the plaintiff should focus on proving that he exhausted his administrative remedies. To do that, he should file complete copies of all his grievances and all the responses by prison official, and tell the court what steps he took to exhaust.

5) Discovery is stayed until a decision on whether the plaintiff exhausted his administrative remedies.

6) The plaintiff's motion for appointment of counsel is denied with leave to renew after a ruling on whether he exhausted his administrative remedies. (d/e 29).

Entered this <u>30th</u> Day of July, 2008.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE
